IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | PLAINTIFF |
| ARIENNE JONES, DERIC JONES, HERSCHEL WILLIAMS, and TANSHENETTA VEALS, | PLAINTIFF-INTERVENORS |
| v. | CIVIL ACTION NO.: 3:20-cv-00729-CWR-LGI |
| SSM PROPERTIES, LLC, STEPHEN MAULDING, SR., JAMES ROE, and SHEILA MAULDING, | DEFENDANTS |

MEMORANDUM OF LAW IN SUPPORT OF
UNITED STATES' MOTION FOR ORDER TO SHOW CAUSE
AS TO WHY DEFENDANT JAMES ROE SHOULD NOT BE HELD IN CONTEMPT

**I.      INTRODUCTION**

Pursuant to Paragraphs 38 and 39 of the Consent Decree entered by the Court in this case (ECF No. 145), the United States respectfully moves the Court to enforce the terms of the Decree by issuing an order requiring defendant James Roe ("Roe") to show cause as to why he should not be held in contempt for failing to make any of the civil penalty payments as required by Paragraph 33 of the Decree. As explained below, such an order is appropriate here because Roe, despite the passage of over eight months, has failed to make any of the civil penalty payments required by the Decree. Furthermore, other than one short email, Roe has not responded to any of the United States' attempts to resolve this matter without the Court's involvement.

**II.     BACKGROUND**

   *A.     Relevant Procedural History*

The United States filed this action on November 12, 2020. Compl., ECF No. 1. On November 23, 2020, Roe was personally served at his home address, 1255 East County Line Road, Apartment D3, Jackson, Mississippi 39211. Proof of Service, ECF No. 3. Roe,

proceeding *pro se*, filed his Answer on December 10, 2020, which listed the same address as where he was served. ECF No. 11. On November 3, 2021, Roe appeared for a deposition in this case, at which he testified that the County Line Road address was his residence. U.S. Mot. for Default J. Ex. A, ECF No. 129-1, James Roe Dep. at 14:3-7, 14:18-25. Roe has not notified the Court or the United States of any change in address.

On August 3, 2022, the Court entered summary judgment on liability against the defendants, finding that "[t]he evidence in this case demonstrates that these defendants engaged in housing discrimination. … Their conduct was illegal. Their conduct was harmful." *United States v. SSM Props.*, 619 F. Supp. 3d 602, 609 (S.D. Miss. 2022). Included in this "harmful conduct" were "several disturbing statements from defendant Roe to the various testers," including Roe's statement to a Black female tester that "I can't put you at Pearl Manor. Them old men will have a heart attack. *They'll be thinking I done let the zoo out again.*" *Id.* at 604 (internal quotations omitted; emphasis in original).[1]

On September 13, 2022, the Court held an in-person settlement conference with the parties, including Roe. *See* Minute Entry, Sept. 13, 2022. At this conference, the parties reached a settlement in principle to resolve the claims of the United States and the plaintiff-intervenors. *Id.* The parties memorialized the terms of this settlement into a proposed Consent Decree, which they signed. On October 17, 2022, the parties moved the Court to enter the Decree. *See* Jt. Mot. For Entry of Consent Decree, ECF No. 144. The Court granted the parties' motion and entered the Decree on November 1, 2022. ECF No. 145.

---

[1] Roe did not file a response to the United States' summary judgment motion, *id.* at 603, and the Court therefore ordered plaintiffs either to move for default judgment against Roe or voluntarily dismiss him. *Id.* at 609. On August 11, 2022, the United States moved for default judgment against Roe following the clerk's entry of default. *See* ECF Nos. 128-29. Shortly thereafter, the parties settled.

Under the Decree, Roe was required to pay a civil penalty to the United States of $3,000 pursuant to 42 U.S.C. § 3614(d)(1)(C). Consent Decree ¶ 33. This was the only monetary payment Roe was required to make under the Decree.[2] Furthermore, the Decree did not require Roe to pay this amount all at once, but instead required him to make partial payments of $500 every 90 days, so long as he paid the entire award within 18 months of the Decree's entry. *Id.* Roe's first two payments were due on January 30, 2023, and April 30, 2023, which were 90 and 180 days following the Court's November 1, 2022, entry of the Decree.

As provided by the Decree, the Court retained jurisdiction over this case for three years to enforce the Decree's terms. *Id.* ¶ 38. The Decree further provides that in the event of noncompliance by any defendant, the United States "may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of the act … and an award of any damages, costs, and reasonable attorneys' fees occasioned by the violation or failure to perform." *Id.* ¶ 39.

    B.    *United States' Efforts to Achieve Compliance*

On November 21, 2022, the United States sent Roe a letter setting forth the deadlines for Roe's six payments of $500 based on the date of entry of the Decree, along with written instructions on how to make these payments to the United States Treasury. Decl. of Max Lapertosa ¶ 6, ECF No. 149. On the first deadline, January 30, 2023, undersigned counsel sent

---

[2] The Decree also permanently enjoined Roe from engaging in property management duties at any residential property. *Id.* ¶ 20. Defendants SSM Properties, Stephen Maulding, and Sheila Maulding (the "Owner Defendants") were required to pay $110,000 in damages and attorneys' fees to the plaintiff-intervenors (the four Black fair housing testers) and a $10,000 civil penalty to the United States. *Id.* ¶¶ 30-32. The Owner Defendants have paid these awards in full and, furthermore, sold the rental properties at issue in this case to a "bona fide, independent third-party purchaser in an arms-length transaction." *See id.* ¶¶ 27-29. These properties are therefore no longer subject to the injunctive provisions of the Decree. *Id.*

Roe an email reminding him that his first payment was due that day. *Id.* ¶ 7. Roe did not make this payment but wrote back approximately a week later to say that he had lost his job and was starting a new one. *Id*. ¶¶ 8-9. The United States then requested that Roe provide a date on which he would be able to make his first payment but received no response. *Id*. ¶ 10.

On March 10, 2023, undersigned counsel sent Roe an email requesting a partial payment within the next week, *i.e.*, by March 17, 2023, but again received no response. *Id*. ¶ 11. Finally, on March 28, 2023, the United States Attorney's Office's Financial Litigation Program sent Roe a collection notice informing him that he was in default by over 90 days on his first civil penalty payment. *Id*. ¶ 12. None of these efforts has succeeded in securing Roe's compliance with the Decree. *See id.* ¶¶ 8, 13.[3]

### III.    ARGUMENT

"Federal courts have the inherent power to punish for contempt." *Hornbeck Offshore Servs. LLC v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013) (citation omitted). Civil contempt requires a showing by clear and convincing evidence that "(1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2005). Additionally, the party against whom contempt is sought must have acted or failed to act "with knowledge of the court's order." *Hornbeck Offshore Servs.*, 713 F.3d at 792 (quoting *Travelhost, Inc. v, Blandford*, 68 F.3d 958, 961 (5th Cir. 1995)). Contempt "need not be willful so long as the contemnor actually failed to comply with the court's order." *Am. Airlines, Inc. v.*

---

[3] Undersigned counsel also attempted to call Roe to confer in advance of filing this motion, using the telephone number Roe listed for himself in his pleadings. *See* Roe Answer to U.S. Compl. 5, ECF No. 11; Roe Answer to Compl. in Intervention 7, ECF No. 35; Roe Resp. to Order to Show Cause 2, ECF No. 40. Counsel heard only an automated message that the person with this number was unable to receive calls. Lapertosa Decl. ¶ 14.

*Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) (citation omitted); *accord Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir. 1987) ("Willfulness is not an element of civil contempt."). "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction ... so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of precise facts of the case." *Hornbeck Offshore Servs.*, 713 F.3d at 792 (quoting *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004)).

The United States has clearly established a *prima facie* case for contempt against Roe. First, there is no dispute that a court order—the Consent Decree—was in effect. Second, the Decree expressly and unequivocally required Roe to make civil penalty payments under a defined schedule. Third, Roe has failed to make these payments as required by the Decree. Fourth, Roe knew about the order—indeed, he signed the Decree and consented to its entry. None of these facts are subject to any reasonable doubt and easily meet the standard for clear and convincing evidence.

Once these elements have been established, "the burden shifts to the respondent to rebut this conclusion, demonstrate an inability to comply, or present other relevant defenses." *Fed. Deposit Ins. Co. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995); *accord Petroleos Mexicanos*, 826 F.2d at 401 ("After the movant has shown a *prima facie* case, the respondent can defend against it by showing a present inability to comply with the subpoena or order.") (citation omitted). The Court should therefore issue a show-cause order and a notice of hearing to Roe, at which he would have the opportunity to present evidence and call witnesses. *See Waste Mgmt. of Wash. v. Kattler*, 776 F.3d 336, 339-40 (5th Cir. 2015) (describing procedural safeguards for respondents in contempt proceedings).

IV.     **CONCLUSION**

For the reasons stated above, the United States respectfully requests that the Court enter an Order directing defendant James Roe to show cause for why he should not be held in civil contempt for violating the Consent Decree and set this case for a show cause hearing.  Following that hearing, if the Court finds that Roe has not met his burden to establish a defense for his noncompliance, the Court should find Roe in contempt, order that he comply with the Decree by paying the civil penalty award and impose any other sanctions or relief necessary to achieve that compliance.

Dated:  May 15, 2023

|  |  |
|---|---|
|  | Respectfully submitted, |
| DARREN J. LAMARCA<br>United States Attorney | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
|  | s/ Max Lapertosa<br>SAMEENA SHINA MAJEED |
| MITZI DEASE PAIGE (MS Bar No. 6014)<br>Assistant United States Attorney<br>501 E. Court St., Suite 4.430<br>Jackson, MS 39201<br>Tel: (601) 973-2840<br>Fax: (601) 965-4409<br>mitzi.paige@usdoj.gov | Chief<br>MICHAEL S. MAURER<br>Deputy Chief<br>MAX LAPERTOSA<br>KATHERINE RAIMONDO<br>NATHAN SHULOCK<br>Attorneys<br>United States Department of Justice<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>950 Pennsylvania Ave. NW – 4CON<br>Washington, DC  20530<br>Tel: (202) 598-9726<br>Fax: (202) 514-1116<br>Max.Lapertosa@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record and I hereby certify that I have caused to be sent by email and Fed Ex the document to the following defendant at the address listed below:

James Roe
1255 East County Line Road, Apt. D-3
Jackson, MS  39211
jrio6807@gmail.com


                                                          s/ Max Lapertosa