IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, *Plaintiff*, v. **SSM PROPERTIES, LLC; STEPHEN MAULDING, SR.; SHEILA MAULDING; and JAMES ROE**, *Defendants*. | CAUSE NO. 3:20-CV-729-CWR-LGI |

## ORDER

On July 21, 2023, this Court held a hearing to determine whether defendant James Roe should be held in civil contempt. Mr. Roe did not appear. As a result, the Court announced from the bench that Mr. Roe was in contempt of court for his failure to appear and his failure to respond to an *Order to Show Cause*. *See* Docket No. 153.

In what follows, the Court will explain why Mr. Roe is in civil contempt, then discuss whether it should sanction him for his non-compliance with Court Orders. It will end by providing the first steps Mr. Roe must take if he wishes to "purge" himself of contempt. In plain English, that means this Order will explain how Mr. Roe can get himself out of this perilous situation.

**I.   Factual and Procedural History**

The United States Department of Justice commenced this suit in 2020. Docket No. 1. It alleged that SSM Properties, LLC, Stephen Maulding, Sr., Sheila Maulding, and James Roe

violated the Fair Housing Act by discriminating against Black persons who sought rental housing, turning them away because of the color of their skin. *Id.*

Evidence gathered during discovery revealed "obvious" racial discrimination. Docket No. 123 at 5. As just one example, Mr. Roe characterized a potential tenant who was Black as a zoo animal and told her, falsely, that no units in a certain building were available. *Id.* at 3. Later that day, however, Mr. Roe offered a unit in that very building to a potential tenant who was white, adding that she would "fit in good." *Id.* "I have to be careful who I put in here," he explained, because if "some of these people . . . ever move because of somebody, my boss would fire me." *Id.*

In 2022, all parties agreed to settle this dispute via entry of a Consent Decree. *See* Docket No. 145. Mr. Roe specifically agreed to never again work in property management and to pay a $3,000 civil penalty to the United States. *Id.* at 10-11 and 17. He signed the proposed Consent Decree on October 11, 2022. *Id.* at 23. This Court approved the Consent Decree on October 31, 2022, and entered it on the docket the following day. *Id.* at 19.

About six months later, the United States returned to Court. It alleged that Mr. Roe had violated the Consent Decree by failing to make any payments toward his civil penalty. Docket No. 148. "Roe's first two [$500] payments were due on January 30, 2023, and April 30, 2023," the government said, but he hadn't paid either. *Id.* at 3. It attached several emails and letters it had sent Mr. Roe in an attempt to secure compliance with the Consent Decree. *E.g.*, Docket No. 149-5.

Mr. Roe did not respond to the government's allegations and evidence. *See* Docket No. 152. As a result, on July 5, 2023, this Court issued an *Order to Show Cause*. Docket No. 153. The *Order* announced that "this Court will hold a hearing on July 21, 2023 at 2:00 PM for

defendant James Roe to show cause as to why he should not be held in civil contempt for failing to make the civil penalty payments as outlined in the Consent Decree." *Id.*

On July 21, counsel for the United States appeared in Court for the hearing. Mr. Roe did not attend or send an attorney in his place. He has not responded in writing, either. His absence necessitated this Order.

## II.     Legal Standard

Civil contempt exists "to enforce, through coerciveness, compliance with a court's order" and "compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct." *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 400 (5th Cir. 1987) (citations omitted).

To prove civil contempt, a party must show "clear and convincing evidence: 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) (quotation marks and citation omitted). "The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *Id.*

"[S]anctions for civil contempt are meant to be 'wholly remedial' and serve to benefit the party who has suffered injury or loss at the hands of the contemnor." *Petroleos Mexicanos*, 826 F.2d at 399 (citation omitted).

## III.    Discussion

Here, all three elements of civil contempt are satisfied by clear and convincing evidence.

First, it is undisputed that a Court Order has been in effect. A Consent Decree is a Court Order. *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004). It has bound the parties since November 1, 2022.

Second, it is undisputed that the Consent Decree required Mr. Roe to do certain things. The action relevant here is his obligation to pay the United States $3,000, in equal installments of $500, on a certain timeline. Docket No. 145 at 17.

Third, it is undisputed on the present record that Mr. Roe has failed to comply with the Consent Decree. He has not made any of the installment payments the Consent Decree requires.

For these reasons, the Court reaffirms its bench finding that Mr. Roe is in civil contempt of court.

Similar reasons explain why Mr. Roe is in civil contempt for his failure to respond to the *Order to Show Cause*. The *Order* was in effect from July 5, 2023-onward, it required Mr. Roe's appearance on July 21, and Mr. Roe failed to appear on July 21. The Court therefore reaffirms its bench finding that Mr. Roe's non-compliance with the *Order to Show Cause* supports a finding of civil contempt.

The final issue is the remedy. The Court must craft an appropriate sanction that would meet the twin goals of civil contempt: compliance and remediation.

The Court is considering issuing further monetary sanctions against Mr. Roe. These would deter future violations of Court Orders and compensate the United States for the collection and travel costs it has incurred in seeking to enforce the Consent Decree. Additional fines may be ineffective and inefficient, however, if Mr. Roe is insolvent.

As a result, the Court is also considering more and less intrusive sanctions. More intrusive sanctions might include short-term incarceration and a criminal referral to the U.S. Attorney's Office. Less intrusive sanctions might include fair housing or anti-discrimination training provided by organizations equipped to provide such training, such as Housing Education and Economic Development, Inc. (HEED), the Mississippi Center for Justice, or the Mississippi State Conference of the NAACP.[1] One court explained recently, "[t]raining that's tailored to address a contemptuous action is a commonplace sanction," and "[t]raining in the relevant subject area is particularly appropriate when a party does not appear to comprehend an area of the law." *Carter v. Transp. Workers Union of Am., Loc. 556*, No. 3:17-CV-2278-X, 2023 WL 5021787, at *10 (N.D. Tex. Aug. 7, 2023) (requiring corporate lawyers to undergo eight hours of "religious-liberty training" conducted by an "esteemed non-profit organization[]" called "Alliance Defending Freedom").

At the beginning of this Order, the Court promised to explain what Mr. Roe could do if he wishes to purge himself of contempt. The most obvious step Mr. Roe can take is to catch up with *all* of his past-due installment payments. If he does so by September 30, the Court will not levy additional sanctions of any kind.

The Court will hold a hearing on October 11, 2023, at 3:00 PM, to hear from the United States and Mr. Roe about his compliance or lack thereof. If Mr. Roe does not appear, he will be subject to escalating sanctions.

---

[1] The Court could not identify any Mississippi colleges or universities that provide such training, but the Mississippi Center for Justice's website notes that it "has also provided Fair Housing Act education at Jackson State and the University of Mississippi, and trained community leaders in eight isolated rural communities." *See* Miss. Ctr. For Justice, Housing – Fair Housing, https://mscenterforjustice.org/work/fair-housing/ (last accessed Aug. 14, 2023).

**IV.     Conclusion**

For these reasons, James Roe is in civil contempt.

**SO ORDERED**, this the 15th day of August, 2023.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE